1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   2806 Van Ness Avenue
3  San Francisco, CA 94109
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiffs
   CRAIG YATES
6  and DISABILITY RIGHTS
   ENFORCEMENT, EDUCATION,
7  SERVICES: HELPING YOU
   HELP OTHERS

8

9

                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU) HELP OTHERS, a California public benefit corporation, <br><br>        Plaintiffs, <br><br>v. <br><br>TWICE IS NICE; RONALD ANDREWS <br><br>        Defendant. | **CASE NO. CV 08-02165 SI** <br>**Civil Rights** <br><br>**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:** <br><br>**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*) <br><br>**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3 <br><br>**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.* <br><br>**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act) |

**DEMAND FOR JURY**

Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of defendant RONALD ANDREWS and allege as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiff CRAIG YATES  and the membership of DREES are members, for failure to remove architectural barriers structural in nature at defendants' TWICE IS NICE, a place of public accommodation, thereby discriminatorily denying plaintiffs and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2.      Plaintiff CRAIG YATES is a person with physical disabilities who, on or about July 21, 2007, January 15, 2008, March 24, 2008 and March 27, 2008, was an invitee, guest, patron, customer at defendants' TWICE IS NICE, in the City of San Rafael, California.  At said time and place, the defendant failed to provide proper legal access to the retail store, which is a "public accommodation" and/or a "public facility" including, but not limited to signage, parking and entrance.  The denial of access was in violation of both federal and California legal requirements, and plaintiff CRAIG YATES suffered violation of his civil rights to full and equal access, and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.      **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations

1  of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

2  *seq.*, including §19959; Title 24 California Building Standards Code.

3      4.    **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

4  founded on the facts that the real property which is the subject of this action is located at/near

5  1015 2nd Street, San Rafael, in the City of San Rafael, County of Marin, State of California, and

6  that plaintiffs' causes of action arose in this county.

7  **PARTIES:**

8      5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically

9  disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

10  disabled", "physically handicapped" and "person with physical disabilities" are used

11  interchangeably, as these words have similar or identical common usage and legal meaning, but

12  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

13  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other

14  statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff

15  CRAIG YATES  is a "person with physical disabilities", as defined by all applicable California

16  and United States laws.  Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a

17  wheelchair to travel about in public.  Consequently, plaintiff CRAIG YATES  is a member of

18  that portion of the public whose rights are protected by the provisions of Health & Safety Code

19  §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped

20  Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the

21  Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.

22  §12101, *et seq.*

23      6.    Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

24  HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

25  with persons with disabilities to empower them to be independent in American society.  DREES

26  accomplishes its goals and purposes through education on disability issues, enforcement of the

27  rights of persons with disabilities, and the provision of services to persons with disabilities, the

28  general public, public agencies and the private business sector.  DREES brings this action on

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  behalf of its members, many of whom are persons with physical disabilities and whom have

2  standing in their right to bring this action.

3        7.    That members of DREES, like plaintiff CRAIG YATES, will or have been guests

4  and invitees at the subject TWICE IS NICE, and that the interests of plaintiff DREES in

5  removing architectural barriers at the subject TWICE IS NICE advance the purposes of DREES

6  to assure that all public accommodations, including the subject TWICE IS NICE, are accessible

7  to independent use by mobility-impaired persons.  The relief sought by plaintiff DREES as

8  alleged herein is purely statutory in nature.

9        8.    Defendant RONALD ANDREWS (hereinafter alternatively collectively referred

10  to as "defendant") is the owner and operator, lessor and/or lessees, or agent of the owners, lessors

11  and/or lessees, of the public accommodation known as TWICE IS NICE, located at/near 1015 2nd

12  Street, San Rafael, California, or of the building and/or buildings which constitute said public

13  accommodation.

14        9.    At all times relevant to this complaint, defendant RONALD ANDREWS, owns

15  and operates in joint venture the subject TWICE IS NICE as a public accommodation.  This

16  business is open to the general public and conducts business therein.  The business is a "public

17  accommodation" or "public facility" subject to the requirements of California Civil Code §§51,

18  51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et*

19  *seq.*

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

10.    At all times relevant to this complaint, defendant  RONALD ANDREWS is jointly and severally responsible to identify and remove architectural barriers at the subject TWICE IS NICE pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

### § 36.201        General

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

11.    The TWICE IS NICE, is a retail store, located at/near 1015 2nd Street, San Rafael, California.  The TWICE IS NICE, its signage, parking, entrance, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected the TWICE IS NICE  and each of its facilities, its signage, parking and entrance  to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

12.    At all times stated herein, plaintiff CRAIG YATES was a member of DREES.

13.    At all times referred to herein and continuing to the present time, the defendant, and each of them, advertised, publicized and held out TWICE IS NICE as being handicapped accessible and handicapped usable.

14.    On or about July 21 , 2007, January 15, 2008, March 24, 2008 and March 27, 2008, plaintiff CRAIG YATES was an invitee and guest at the subject TWICE IS NICE, for purposes of purchasing antiques and furniture.

15.    On or about July 21, 2007, plaintiff CRAIG YATES attempted to shop at TWICE IS NICE but could not access the subject store due to a step at the corner entrance and the side

1  entrance. Plaintiff CRAIG YATES got the attention of a man in the store who plaintiff CRAIG

2  YATES believed to be the store owner. Plaintiff CRAIG YATES saw glass paper weights while

3  looking through the window and purchased them. All of the transactions took place on the

4  sidewalk. Plaintiff CRAIG YATES told the fellow that it would be nice if there was a ramp. His

5  response in substance: " It would be nice. The issue has been addressed."

6      16.    Between July 21, 2007 and December 24, 2007, plaintiff CRAIG YATES on

7  numerous occasions drove by TWICE IS NICE at 2nd Street in San Rafael, as this is a route that

8  plaintiff CRAIG YATES often takes. Plaintiff noted that during this period there still was no

9  access to TWICE IS NICE.

10     17.    On or about December 24, 2007, plaintiff CRAIG YATES wrote both the landlord

11  and tenant about the access problem but never received a response.

12     18.    One day between the beginning of January 2008 and the third $(3^{rd})$ week of

13  January 2008, or on or about January 15, 2008, plaintiff was in the vicinity of TWICE IS NICE

14  and saw that he could not access the store. Plaintiff CRAIG YATES then called the store and

15  spoke with a woman, and he addressed the access issue. The woman said she received plaintiff's

16  letter and gave the letter addressed to the "owner of the building" to the landlord. Further, she

17  stated in substance: " the landlord discussed this with his attorney and that it was not his

18  problem."

19     19.    On or about March 24, 2008, plaintiff CRAIG YATES once again patronized

20  TWICE IS NICE. Plaintiff CRAIG YATES could still not access the store. No remedial work

21  had been done. Plaintiff purchased two (2) glass birds and a vase. Plaintiff had to purchase these

22  items from the sidewalk.

23     20.     On or about March 27, 2008, plaintiff CRAIG YATES prepared a letter for

24  mailing on March 28, 2008, to the manager of TWICE IS NICE.

25     21.    On or about March 27, 2008, plaintiff CRAIG YATES was driving down 2nd

26  Street in San Rafael and saw an antique rocker on the sidewalk of TWICE IS NICE. Plaintiff

27  CRAIG YATES parked his van and inquired about the rocking chair. Plaintiff CRAIG YATES

28  purchased the rocking chair and spoke to Daryl Foley, who introduced himself, as the owner of

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

the store.  Plaintiff CRAIG YATES discussed the fact that neither entrance was accessible. Daryl Foley and his wife responded they'd discussed the matter with the landlord and the landlord indicated in substance: "that there was no requirement to make either entrance accessible."

22.    Plaintiff CRAIG YATES already having prepared a letter for mailing on March 28, 2008, mailed the letter to the manager.  The letter referenced to plaintiffs' July visit and discussion he had with the woman in January of 2008.  Plaintiff CRAIG YATES never received a response.

23.    On or about April 15, 2008, plaintiff CRAIG YATES wrote a fourth (4) letter. This letter was sent to Daryl Foley.  The letter referenced the March 28, 2008, letter and the entrance and parking problems.  Plaintiff CRAIG YATES asked that he be called if the remedial work was done or was to be done.  As of the date this complaint was filed, plaintiff CRAIG YATES had not received a phone call.

24.    Therefore, at said times and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject TWICE IS NICE which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

        a.      lack of directional signage to show accessible routes of travel, i.e entrances;

        b.      lack of the requisite type and number of disabled parking stall(s);

        c.      lack of disabled van accessible parking stall(s);

        d.      lack of an accessible entrance due to a concrete step at both entrances; and

        e.      On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

25.    At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26.    On or about December 24, 2007, March 28, 2008 and April 15, 2008, defendant(s) were sent four (4) letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances.  Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.  Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

27.    At all times stated herein, the defendant, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES  from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.  Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered damages

28.    As a legal result of defendant RONALD ANDREWS's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

29.    As a further legal result of the actions and failure to act of defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities.

30.    Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional

1  distress over and above that usually associated with the discrimination and physical injuries

2  claimed, and no expert testimony regarding this usual mental and emotional distress will be

3  presented at trial in support of the claim for damages.

4     31.    Defendants', and each of their, failure to remove the architectural barriers

5  complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public

6  accommodation, and continues to create continuous and repeated exposure to substantially the

7  same general harmful conditions which caused plaintiff CRAIG YATES  harm as stated herein.

8     32.    Plaintiff CRAIG YATES and the membership of DREES were denied their rights

9  to equal access to a public facility by defendant RONALD ANDREWS, because defendant

10 RONALD ANDREWS maintained a retail store without access for persons with physical

11 disabilities to its facilities, including but not limited to signage, parking, entrance, and other

12 public areas as stated herein, and continue to the date of filing this complaint to deny equal access

13 to plaintiffs and other persons with physical disabilities in these and other ways.

14    33.    On information and belief, construction alterations carried out by defendants have

15 also triggered access requirements under both California law and the Americans with Disabilities

16 Act of 1990.

17    34.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the TWICE IS

18 NICE  to be made accessible to meet the requirements of both California law and the Americans

19 with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the

20 store  as a public facility.

21    35.    Plaintiffs seek damages for violation of their civil rights on July 21, 2007, January

22  15, 2008, March 24, 2008 and March 27, 2008, and they seek statutory damages of not less than

23 $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for

24 each day after his/her visit that the trier of fact (court/jury) determines was the date that some or

25 all remedial work should have been completed under the standard that the landlord and tenant had

26 an ongoing duty to identify and remove architectural barriers where it was readily achievable to do

27 so, which deterred plaintiff CRAIG YATES  from returning to the subject public accommodation

28 because of his knowledge and/or belief that neither some or all architectural barriers had been

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

36.     On information and belief, the defendant has been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

37.     Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling defendants to make the TWICE IS NICE accessible to persons with disabilities.

38.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24.  The acts and omission of the defendant, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried out by the defendant, and each of them, with a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendant, and each of them, to other operators of other retail stores  and other public facilities, and to punish defendant and to carry out the purposes of  the Civil Code §§ 51, 51.5 and 54.

39.     Plaintiffs are informed and believe and therefore allege that defendant RONALD ANDREWS, and each of them, caused the subject building(s) which constitute the TWICE IS NICE to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the subject building and were denied full and equal use of said public facilities.  Furthermore, on information and belief, defendant has continued to maintain and operate said building and/or its

building(s) in such conditions up to the present time, despite actual and constructive notice to such defendant that the configuration of TWICE IS NICE and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff CRAIG YATES, the membership of plaintiff DREES and the disability community which DREES serves.  Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

40.    On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the TWICE IS NICE and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself, sponsors of conferences, owners of other retail stores, restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.  Defendants' failure, under state and federal law, to make the TWICE IS NICE accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities.  Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendant, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiffs and other persons with physical disabilities to the subject store.  Said defendant, and each of them, have continued such practices, in conscious disregard for the rights of plaintiffs and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendant had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendant and served concurrently with the summons and complaint.  Said conduct, with

1  knowledge of the effect it was and is having on plaintiffs and other persons with physical

2  disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of

3  plaintiffs and of other similarly situated persons, justifying the imposition of treble damages per

4  Civil Code §§52 and 54.3.

5      41.    Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and

6  the disability community which it serves, consisting of persons with disabilities, would, could and

7  will return to the subject public accommodation when it is made accessible to persons with

8  disabilities.

9  **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
   **ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
10  **DISABILITIES ACT OF 1990 (42 U.S.C. §12101,** *et seq.***)**
    (On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
11  EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
    corporation and Against Defendant RONALD ANDREWS, inclusive)
12  (42 U.S.C. §12101, *et seq.*)

13      42.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

14  allegations contained in paragraphs 1 through 41 of this complaint.

15      43.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

16  §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

17  protect:

18          some 43 million Americans with one or more physical or mental
            disabilities; [that] historically society has tended to isolate and
19          segregate individuals with disabilities; [that] such forms of
            discrimination against individuals with disabilities continue to be a
20          serious and pervasive social problem; [that] the nation's proper
            goals regarding individuals with disabilities are to assure equality of
21          opportunity, full participation, independent living and economic
            self-sufficiency for such individuals; [and that] the continuing
22          existence of unfair and unnecessary discrimination and prejudice
            denies people with disabilities the opportunity to compete on an
23          equal basis and to pursue those opportunities for which our free
            society is justifiably famous.

24  ///

25  ///

26  ///

27  ///

28  ///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

44.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

45.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
> ---
> (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment.

42 U.S.C. §12181(7)(E)

46.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

///
///
///
///
///
///
///

47.    The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I)    the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of the defendant set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

48.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of TWICE IS NICE  pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal

1  of all the barriers complained of herein together was not "readily achievable," the removal of each

2  individual barrier complained of herein was "readily achievable."  On information and belief,

3  defendants' failure to remove said barriers was likewise due to discriminatory practices,

4  procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

5      49.      Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

6  accomplishable and able to be carried out without much difficulty or expense."  The statute

7  defines relative "expense" in part in relation to the total financial resources of the entities

8  involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that

9  plaintiffs complain of herein were and are "readily achievable" by the defendants under the

10  standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was

11  not "readily achievable" for defendants to remove each of such barriers, the defendant has failed

12  to make the required services available through alternative methods which were readily

13  achievable.

14      50.      On information and belief, construction work on, and modifications of, the subject

15  building(s) of TWICE IS NICE occurred after the compliance date for the Americans with

16  Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of

17  the ADA.

18      51.      Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

19  *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

20  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the

21  basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs

22  are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from

23  returning to or making use of the public facilities complained of herein so long as the premises

24  and defendants' policies bar full and equal use by persons with physical disabilities.

25      52.      42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

26  disability to engage in a futile gesture if such person has actual notice that a person or

27  organization covered by this title does not intend to comply with its provisions".  Pursuant to this

28  section, plaintiff CRAIG YATES  has not returned to defendants' premises since on or about

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  March 27, 2008, but on information and belief, alleges that defendants have continued to violate

2  the law and deny the rights of plaintiffs and of other persons with physical disabilities to access

3  this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of

4  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

5  facilities readily accessible to and usable by individuals with disabilities to the extent required by

6  this title".

7      53.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights

8  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

9  the Americans with Disabilities Act of 1990, including but not limited to an order granting

10  injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being

11  deemed to be the prevailing party.

12      Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

13  **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
        IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
14      (On Behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS, ENFORCEMENT,
        EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
15      corporation, and Against Defendant RONALD ANDREWS, inclusive)
        (California Civil Code §§54, 54.1, 54.3, *et seq.*)

16      54.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

17  allegations contained in paragraphs 1 through 53 of this complaint.

18      55.    At all times relevant to this action, California Civil Code §54 has provided that

19  persons with physical disabilities are not to be discriminated against because of physical handicap

20  or disability.  This section provides that:

21

22          (a) Individuals with disabilities . . . have the same rights as
        the general public to full and free use of the streets, highways,
        sidewalks, walkways, public buildings, medical facilities, including
23          hospitals, clinics, and physicians' offices, and other public places.

24  ///

25  ///

26  ///

27  ///

28  ///

56.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

57.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

58.     Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendant, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiffs have been and continue to be denied full and equal access to defendants' TWICE IS NICE.  As a legal result, plaintiffs are entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which they visited or have been deterred from

///
///
///
///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  visiting the subject store because of their knowledge and belief that the retail store is inaccessible

2  to persons with disabilities.  California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes
> with admittance to or enjoyment of the public facilities as specified
> in Sections 54 and 54.1 or otherwise interferes with the rights of an
> individual with a disability under Sections 54, 54.1 and 54.2 is
> liable for each offense for the actual damages and any amount as
> may be determined by a jury, or the court sitting without a jury, up
> to a maximum of three times the amount of actual damages but in
> no case less than . . .one thousand dollars ($1,000) and . . .
> attorney's fees as may be determined by the court in addition
> thereto, suffered by any person denied any of the rights provided in
> Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

10    59.    On or about July 21, 2007, January 15, 2008, March 24, 2008 and March 27, 2008,

11  plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG

12  YATES was denied access to  signage, parking, entrance and other public facilities as stated

13  herein at the TWICE IS NICE and on the basis that plaintiff CRAIG YATES was a person with

14  physical disabilities.

15    60.    As a result of the denial of equal access to defendants' facilities due to the acts and

16  omissions of defendants, and each of them, in owning, operating and maintaining these subject

17  public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to

18  rights under Civil Code §§54, 54.1 and 54.3.

19    61.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental

20  anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment

21  and worry, all of which are expectedly and naturally associated with a denial of access to a person

22  with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and

23  omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are

24  persons or an entity that represents persons with physical disabilities and unable, because of the

25  architectural barriers created and maintained by the defendants in violation of the subject laws, to

26  use the public facilities hereinabove described on a full and equal basis as other persons.

27    62.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct

28  and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or

2  about July 21, 2007, January 15, 2008, March 24, 2008 and March 27, 2008, and on a continuing

3  basis since then, including statutory damages, a trebling of all of actual damages, general and

4  special damages available pursuant to §54.3 of the Civil Code according to proof.

5      63.    As a result of defendants', and each of their, acts and omissions in this regard,

6  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

7  plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical

8  disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to

9  the provisions of Civil Code §54.3 and §55, plaintiffs therefore will seek recovery in this lawsuit

10  for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally,

11  plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also

12  to compel the defendant to make his  facility accessible to all members of the public with

13  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

14  the provisions of §1021.5 of the Code of Civil Procedure.

15      Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

16  **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
        FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.*
17      (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
        EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
18      corporation and Against Defendant RONALD ANDREWS, inclusive)
        (Health & Safety Code §19955, *et seq.*)**
19      64.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

20  allegations contained in paragraphs 1 through 63 of this complaint.

21      65.    Health & Safety Code §19955 provides in pertinent part:

22          The purpose of this part is to insure that public accommodations or
            facilities constructed in this state with private funds adhere to the
23          provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
            of Title 1 of the Government Code.  For the purposes of this part
24          "public accommodation or facilities" means a building, structure,
            facility, complex, or improved area which is used by the general
25          public and shall include auditoriums, hospitals, theaters, restaurants,
            hotels, motels, stadiums, and convention centers.  When sanitary
26          facilities are made available for the public, clients or employees in
            such accommodations or facilities, they shall be made available for
27          the handicapped.

28  ///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

66.    Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date. On information and belief, portions of the TWICE IS NICE and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the subject store and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said retail store and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

67.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of TWICE IS NICE and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

68.    Retail Stores such as the TWICE IS NICE are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

69.    As a result of the actions and failure to act of defendant, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs'

civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities.

70.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

71.    Plaintiffs seek injunctive relief for an order compelling defendant, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

**IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant RONALD ANDREWS, inclusive)
(Civil Code §51, 51.5)

72.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 71 of this complaint.

///

///

///

73.    Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendant in not complying with barrier removal is not an issue.  Hence, the failure on the parts of the defendant, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendant, and each of them.

///
///
///
///

74.    The acts and omissions of the defendant stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.
>
> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

75.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section".  Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at 42, *et seq*., as if repled herein.

76.    As a legal result of the violation of plaintiff CRAIG YATES's  civil rights as hereinabove described, plaintiff CRAIG YATES has suffered general and statutory damages.

77.    Further, plaintiff CRAIG YATES suffered  emotional distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs).  Plaintiffs CRAIG YATES and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general

1  damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to

2  proof if deemed to be the prevailing party.

3  **PRAYER:**

4        Plaintiffs pray that this court award damages and provide relief as follows:

5  **I.**     **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
6  PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
   DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
7  (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
   EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
   corporation, and Against Defendant RONALD ANDREWS, inclusive)
8  (42 U.S.C. §12101, *et seq.*)

9        1.     For injunctive relief, compelling Defendant RONALD ANDREWS, inclusive, to

10  make the TWICE IS NICE, located at 1015 2nd Street, San Rafael, California, readily accessible to

11  and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq*., and to make reasonable

12  modifications in policies, practice, eligibility criteria and procedures so as to afford full access to

13  the goods, services, facilities, privileges, advantages and accommodations being offered.

14        2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

15  the prevailing party; and

16        3.     For such other and further relief as the court may deem proper.

17  **II.**    **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
18  EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
   AND 54.3, *ET SEQ.***
19  (On Behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS ENFORCEMENT,
   EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
   corporation, and Against Defendant RONALD ANDREWS, inclusive)
20  (California Civil Code §§54, 54.1, 54.3, *et seq.*)

21        1.     For injunctive relief, compelling Defendant RONALD ANDREWS, inclusive, to

22  make the TWICE IS NICE, located at 1015 2nd Street, San Rafael, California, readily accessible to

23  and usable by individuals with disabilities, per state law.

24        2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

25  each occasion on which plaintiffs were deterred from returning to the subject public

26  accommodation.

27        3.     Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure

28  §1021.5, if plaintiffs are deemed the prevailing party;

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    4.    Treble damages pursuant to Civil Code §54.3;

2    5.    For all costs of suit;

3    6.    Prejudgment interest pursuant to Civil Code §3291;

4    7.    Such other and further relief as the court may deem just and proper.

5  **III.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
6  (On Behalf of Plaintiff CRAIG YATES, and Against Defendant RONALD ANDREWS, inclusive),
7  (California Civil Code §§54, 54.1, 54.3, *et seq.*)

8    1.    General and compensatory damages according to proof.

9  **IV.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
10  (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
11  corporation, and Against Defendant RONALD ANDREWS, inclusive)
12  (Health & Safety code §19955, *et seq.*)

13    1.    For injunctive relief, compelling Defendant RONALD ANDREWS, inclusive, to
14  make the TWICE IS NICE, located at 1015 2nd Street, San Rafael, California, readily accessible to
15  and usable by individuals with disabilities, per state law.
16
17    2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55,
18  and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

19    3.    For all costs of suit;

20    4.    For prejudgment interest pursuant to Civil Code §3291;

21    5.    Such other and further relief as the court may deem just and proper.

22  **V.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
23  (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,
24  EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
25  corporation and Against Defendant RONALD ANDREWS, inclusive)
    (California Civil Code §§51, 51.5, *et seq.*)

26    1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and
27  for each occasion on which plaintiffs were deterred from returning to the subject public
28  accommodation;

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the

2  prevailing party;

3       3.      Treble damages pursuant to Civil Code §52(a);

4       4.      For all costs of suit;

5       5.      Prejudgment interest pursuant to Civil Code §3291; and

6       6.      Such other and further relief as the court may deem just and proper.

7  **VI.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**

8  **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51,** *ET SEQ.* **(THE UNRUH CIVIL RIGHTS ACT)**

9  (On Behalf of Plaintiff CRAIG YATES, and Against Defendant RONALD ANDREWS, inclusive)

10  (California Civil Code §§51, 51.5, *et seq.*)

11       1.      General and compensatory damages to plaintiff CRAIG YATES according to

12  proof.

13

14  Dated: May 21, 2008          THOMAS E. FRANKOVICH
                             *A PROFESSIONAL LAW CORPORATION*

15

16

17                   By: _____/S/_____
                         THOMAS E. FRANKOVICH

18                   Attorneys for Plaintiffs CRAIG YATES and
                   DISABILITY RIGHTS ENFORCEMENT, EDUCATION,

19                   SERVICES:HELPING YOU HELP OTHERS, a California
                   public benefit corporation

20

21                 **DEMAND FOR JURY TRIAL**

22      Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

23  Dated: May 21, 2008          THOMAS E. FRANKOVICH
                             *A PROFESSIONAL LAW CORPORATION*

24

25                   By: _____/S/_____
                         THOMAS E. FRANKOVICH

26                   Attorneys for Plaintiffs CRAIG YATES and
                   DISABILITY RIGHTS, ENFORCEMENT, EDUCATION,

27                   SERVICES:HELPING YOU HELP OTHERS, a California
                   public benefit corporation

28

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

# EXHIBIT A

December 24 2007

Business Operator
Twice as Nice
1015 2nd St.
San Rafael, Ca 94901

Dear Business operator Twice As Nice,

Your location very convenient with one exception, this being your corner entrance as well your side entrances aren't accessible. So being I'm in a wheel chair this is most inconvenient to me as well others in wheel chairs. I so enjoyed shopping through your window, but in most times weather conditions don't allow such a way to shop. You need to remove this front step and develop in concrete a ramp style access up to code accordingly.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whoever is in charge. I'd like to come back to Spotless Car Wash once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. **Would you please reply to my letter by FedEx to make sure I get your response?**

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.    You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Craig Thomas Yates
1004 Los Gamos Rd.
San Rafael, Ca. 94903

December 24 2007

Property Owner
Twice as Nice
1015 2nd St
San Rafael, Ca 94901

Dear Business operator Twice As Nice,

Your location very convenient with one exception, this being your corner entrance as well your side entrances aren't accessible. So being I'm in a wheel chair this is most inconvenient to me as well others in wheel chairs. I so enjoyed shopping through your window, but in most times weather conditions don't allow such a way to shop. You need to remove this front step and develop in concrete a ramp style access up to code accordingly.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whoever is in charge. I'd like to come back to Spotless Car Wash once it's accessible to me. I may still come back you do the work just because I like the place. If there is some problem doing this please let me know. **Would you please reply to my letter by FedEx to make sure I get your response?**

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Craig Thomas Yates
1004 Los Gamos Rd.
San Rafael, Ca. 94903

Craig Yates
1004 Los Gamos Rd. Unit 3
San Rafael, CA 94903


March 28, 2008


Manager
Twice as Nice
1015 2nd St.
San Rafael, CA 94901

Dear Manager

I thought I would follow up on my discussion with a woman that I called at Twice as Nice in January of this year. I drove over to the store to see if I could get in. Couldn't, still steps at the entrance's. As you may recall I sent Twice as Nice a letter in December of 2007 about the lack of a way to get in the store if you are a wheelchair user. I made a $60 purchase in July of 2007. Back then as in January of 2008 there is no way to get into the store from the corner entrance or the side entrance. I did forget, but you need to look at the parking too. I don't think your parking is right. I don't recall seeing Van Accessible.

I was told that Twice is Nice recognizes the need for a ramp and took this up with the landlord. But the landlord said it didn't need to be done, so it won't be done. Whether or not there is some basis for not making an accessible entrance there are two points I want to make: One, a wheelchair user can't get in. Two, it would be easy to make a ramp. So why not?

You know I write a lot of letters about things like this. Some people fix them, others don't and some like him say that don't have to.

Take this letter to the landlord, sit down and discuss how to handle it.  It's not rocket science. Could you write me in the next two weeks and tell me what you and the landlord have decided. Thank you,


Sincerely,


Craig Yates

Craig Yates
1004 Los Gamos Rd. Unit E
San Rafael, CA 94903

April 15, 2008

Daryl Foley
Manager/Owner
Twice as Nice
1015 2nd St.
San Rafael, CA 94901

Dear Mr. Foley:

I was last in Twice as Nice on March 27, 2008. I just happened to be driving down 2nd Street and saw a rocker on the sidewalk. I purchased the $70 Italian antique rocking chair from the sidewalk. You and I talked. You know I can't get into your store and shop because I'm in a wheelchair. I had a letter already to go and sent it on the following day, March 28, 2008.

It's now been about 3 weeks since that letter and I haven't heard anything. I assume you gave the letter to your landlord and that nothing is going to be done by the landlord. If this isn't the case, I'd like to know. To say the least, I'm disappointed. I just don't understand why the landlord can't do such a simple thing as cutting in a ramp and making sure the parking is correct. If by chance the landlord is fixing these things or letting you do it, just give me a call. Call my home phone at 415-472-4846.

You should really remind the landlord that it's the right thing to do, whether or not he's required to do it.

Thank You,

Craig Yates