LOUIS A. LEONE, ESQ. (CSB #099874)
KATHLEEN DARMAGNAC, ESQ. (CSB #150843)
**STUBBS & LEONE**
2175 N. California Blvd., Suite 900
Walnut Creek, CA  94596
Telephone: (925) 974-8600
Facsimile: (925) 974-8601

Attorneys for Defendant
RONALD ANDREWS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMETN, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>TWICE IS NICE; RONALD ANDREWS,<br><br>Defendants. | Case No.: CV-08-02165 SI<br><br>**DEFENDANT RONALD ANDREWS ANSWER TO FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |

DEFENDANT RONALD ANDREWS (hereinafter "Defendants") answers plaintiffs' First Amended Complaint for Injunctive Relief and Damages ("complaint") as follows:

## INTRODUCTION

1. Responding to paragraph 1 of the complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations in paragraph 1, and as such, the allegations are denied.

2. Responding to paragraph 2 of the complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations in paragraph 2, and as such, the allegations are denied.

## JURISDICTION AND VENUE

3. Responding to paragraph 3 of the complaint, this answering defendant admits and avers that this Court has jurisdiction under 28 U.S.C. §1331, and pendent jurisdiction over claims arising out of same operative facts and same transactions under California law. This answering defendant denies each and every remaining allegation in paragraph 3.

## PARTIES

4. Responding to paragraph 4 of the complaint, this answering defendant admits and avers that venue is proper in this court.

5. Responding to paragraph 5 of the complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations in paragraph 5, and as such, the allegations are denied. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

6. Responding to paragraph 6 of the complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations in paragraph 6, and as such, the allegations are denied. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

7. Responding to paragraph 7 of the complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations in paragraph 7, and as such, the allegations are denied. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

8. Responding to paragraph 8 of the complaint, this answering defendant admits and avers that defendant Ronald Andrews owns and leases the commercial building at 1015 2d Street San Rafael, California. Except as expressly stated, this answering defendant denies each and every remaining allegation in paragraph 8. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

9. Responding to paragraph 9 of the complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations in paragraph 9, and as such, the allegations are denied. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

10. Responding to paragraph 10 of the complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations in paragraph 10, and as such, the allegations are denied. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

## PRELIMINARY FACTUAL ALLEGATIONS

11. Responding to paragraph 11 of the complaint, this answering defendant admits that a retail store known as Twice is Nice leases the space at 1015 2d Street, San Rafael, California. Except as expressly stated, this answering defendant denies each and every remaining allegation in paragraph 11. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

12. Responding to paragraph 12 of the complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations in paragraph 12 and as such, the allegations are denied.

13. Responding to paragraph 13 of the complaint, this answering defendant denies each and every allegation contained therein.

14. Responding to paragraph 14 of the complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations in paragraph 14 and as such, the allegations are denied.

15. Responding to paragraph 15 of the complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations in paragraph 15 and as such, the allegations are denied.

16. Responding to paragraph 16 of the complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations in paragraph 16 and as such, the allegations are denied.

17. Responding to paragraph 17 of the complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations in paragraph 17 and as such, the allegations are denied.

18. Responding to paragraph 18 of the complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations in paragraph 18 and as such, the allegations are denied.

19. Responding to paragraph 19 of the complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations in paragraph 19 and as such, the allegations are denied.

20. Responding to paragraph 20 of the complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations in paragraph 20 and as such, the allegations are denied.

21. Responding to paragraph 21 of the complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations in paragraph 21 and as such, the allegations are denied.

22. Responding to paragraph 22 of the complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations in paragraph 22 and as such, the allegations are denied.

23. Responding to paragraph 23 of the complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations in paragraph 23 and as such, the allegations are denied.

24. Responding to paragraph 24 of the complaint, this answering defendant lacks sufficient information and belief upon which to admit or deny the allegations in paragraph 24 and as such, the allegations are denied. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

25. Responding to paragraph 25 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

26. Responding to paragraph 26 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

27. Responding to paragraph 27 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

28. Responding to paragraph 28 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

29. Responding to paragraph 29 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

30. Responding to paragraph 30 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

31. Responding to paragraph 31 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

32. Responding to paragraph 32 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

33. Responding to paragraph 33 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

34. Responding to paragraph 34 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

35. Responding to paragraph 35 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

36. Responding to paragraph 36 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

37. Responding to paragraph 37 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

38. Responding to paragraph 38 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

39. Responding to paragraph 39 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

40. Responding to paragraph 40 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

41. Responding to paragraph 41 of the complaint, this answering defendant lacks sufficient information or belief upon which to deny or admit the allegations in paragraph 41 and as such, denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

## **FIRST CAUSE OF ACTION**

42. Responding to paragraph 42 of the complaint, this answering defendant hereby incorporates his responses to paragraphs 1 through 41 as though fully stated herein.

DEFENDANT RONALD ANDREWS ANSWER TO FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
CV-08-02165 SI Yates, et al v. Twice is Nice; Ronald Andrews                                                                                    6

43. Responding to paragraph 43 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

44. Responding to paragraph 44 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

45. Responding to paragraph 45 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

46. Responding to paragraph 46 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

47. Responding to paragraph 47 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

48. Responding to paragraph 48 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

49. Responding to paragraph 49 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

50. Responding to paragraph 50 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

51. Responding to paragraph 51 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

52. Responding to paragraph 52 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

53. Responding to paragraph 53 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

**SECOND CAUSE OF ACTION**

54. Responding to paragraph 54 of the complaint, this answering defendant hereby incorporates his responses to paragraphs 1 through 53 as though fully stated herein.

55. Responding to paragraph 55 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

56. Responding to paragraph 56 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

57. Responding to paragraph 57 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

58. Responding to paragraph 58 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

59. Responding to paragraph 59 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

60. Responding to paragraph 60 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

61. Responding to paragraph 61 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

62. Responding to paragraph 62 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

63. Responding to paragraph 63 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

### THIRD CAUSE OF ACTION

64. Responding to paragraph 64 of the complaint, this answering defendant hereby incorporates his responses to paragraphs 1 through 63 as though fully stated herein.

65. Responding to paragraph 65 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

66. Responding to paragraph 66 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

67. Responding to paragraph 67 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

68. Responding to paragraph 68 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

69. Responding to paragraph 69 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

70. Responding to paragraph 70 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

71. Responding to paragraph 71 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

## FOURTH CAUSE OF ACTION

72. Responding to paragraph 72 of the complaint, this answering defendant hereby incorporates his responses to paragraphs 1 through 71 as though fully stated herein.

73. Responding to paragraph 73 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

74. Responding to paragraph 74 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

75. Responding to paragraph 75 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

76. Responding to paragraph 76 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

77. Responding to paragraph 77 of the complaint, this answering defendant denies each and every allegation contained therein. To the extent plaintiff is making legal conclusions as opposed to statements of fact, these allegations are also denied.

## AFFIRMATIVE DEFENSES

AS A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT ON FILE HEREIN, Defendant RONALD

ANDREWS (hereinafter "this answering Defendant") alleges that neither the Complaint nor any of the alleged causes of action therein state facts sufficient to constitute a cause of action.

AS A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT ON FILE HEREIN, this answering Defendant alleges that Plaintiffs lack standing to maintain this action either for themselves or on behalf of the alleged class of persons they purports to represent and the purported class fails to meet the requirements for class certification or maintenance of a class action.

AS A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT ON FILE HEREIN, this answering Defendant alleges that the Complaint is barred in that the relief sought would require this answering Defendant to alter fundamentally this answering Defendant's services, programs and activities.

AS A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT ON FILE HEREIN, this answering Defendant alleges that the Complaint is barred in that the relief sought would place an undue financial and administrative burden or hardship on this answering Defendant and would require unreasonable modifications to programs, activities and services.

AS A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT ON FILE HEREIN, this answering Defendant alleges that Plaintiffs failed to comply with the claim provisions of the California Governmental Code with respect to the timely presentation of a Governmental Claim. Further, Plaintiffs' claim, if submitted, differs materially from the allegations contained within the Complaint, and as such, said claims not referenced in the Governmental Claim are barred.

AS A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT ON FILE HEREIN, this answering

Defendant alleges that the Plaintiffs failed to exhaust the judicial remedies available to him, and as such, this action is barred.

AS A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT ON FILE HEREIN, this answering Defendant alleges that the Complaint is barred in that plaintiffs seek relief which is not "readily achievable".

AS A EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT ON FILE HEREIN, this answering Defendant alleges that the Complaint is moot because to the extent applicable this answering Defendant has already agreed to remove any architectural barriers to access that are "readily achievable".

AS A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT ON FILE HEREIN, this answering Defendant alleges that to the extent that the Complaint alleges entitlement to services or programs that are not being provided, plaintiff has failed to demonstrate, on his own behalf and on behalf of any purported class, eligibility or entitlement to such programs or services.

AS A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT ON FILE HEREIN, this answering Defendant alleges that the Complaint, and each and every claim purportedly asserted therein, is barred by the applicable statutes of limitations.

AS A ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT ON FILE HEREIN, this answering Defendant alleges that the Complaint, and each and every claim purportedly asserted therein, is barred in that any recovery on the Complaint, or any purported cause of action alleged therein, is barred because this answering Defendant's conduct was privileged and/or justified.

AS A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT ON FILE HEREIN, this answering Defendant alleges that the Complaint is barred because this answering Defendant are not required to make structural changes in existing facilities where other methods are or would be effective to achieve compliance with applicable law.

AS A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT ON FILE HEREIN, this answering Defendant does not have any policy, practice, procedure, regulation or intent to deny any plaintiff or alleged class member any clearly established state or federal statutory or regulatory standard.

AS A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT ON FILE HEREIN, this answering Defendant alleges that the complaint is barred because this answering Defendant is not required to make modifications that are structurally impracticable.

AS A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT ON FILE HEREIN, this answering Defendant alleges that the complaint is barred because this answering Defendant is not required to make the requested modifications to historic structures.

AS A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT ON FILE HEREIN this answering Defendant alleges that the Complaint is moot because this answering Defendant has already taken all necessary steps to comply with all applicable laws.

AS A SEVENEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT ON FILE HEREIN this answering Defendant alleges that the Complaint is barred because plaintiffs have failed to request either reasonable accommodation or auxiliary aid(s) as contemplated by all applicable laws.

AS A EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT ON FILE HEREIN this answering Defendant alleges that to the extent the Complaint alleges violations of law, those alleged violations are not the result of the conduct or omissions of this answering Defendant, nor can those alleged violations be attributed to this answering Defendant.

AS A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT ON FILE HEREIN this answering Defendant alleges that the Complaint, and each and every claim purportedly asserted therein, is barred in whole or in part by Plaintiffs' failure to mitigate damages.

AS A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT ON FILE HEREIN this answering Defendant alleges that its' investigation into the issues raised in the Complaint is at the preliminary stages, and therefore this answering Defendant reserves the right to amend its Answer to add further affirmative defenses when such are discovered.

**PRAYER**

WHEREFORE, this answering Defendant prays that Plaintiffs take nothing by their Complaint and that this answering Defendant be dismissed and awarded its costs of suit incurred herein and such other and further relief as the Court deems fit and proper.

Dated: August 8, 2008        **STUBBS & LEONE**

_____
KATHLEEN DARMAGNAC, ESQ.
Attorneys for Defendant
RONALD ANDREWS